ROBERT SCOTT NORMAN, ESQ. (Cal. Bar No. 253185)
**GORDON REES SCULLY MANSUKHANI LLP**
325 W. Main Street, Suite 2300
Louisville, KY  40202
Telephone:  (502) 371-1256
Facsimile:  (502) 804-4630
snorman@grsm.com

Attorney for Defendant
JUSTIN A. WUNDERLER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BAFFERT and BOB BAFFERT RACING STABLES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JUSTIN A. WUNDERLER and DANIEL DICORCIA <br><br> Defendant. | CASE NO. 3:23-CV-01774-RSH-BLM <br><br> **DEFENDANT JUSTIN A. WUNDERLER'S ANSWER** <br><br> Complaint Filed: September 27, 2023 <br> Trial Date:  Not Set |

## INTRODUCTION

Defendant Justin A. Wunderler ("Defendant"), by through and the undersigned counsel, for his Answer and Affirmative Defenses to the Complaint filed by Plaintiffs Bob Baffert and Bob Baffert Racing Stables, Inc. ("Plaintiffs"), hereby responds to the allegations against him, and states as follows:

## PRELIMINARY STATEMENT

1. With respect to the allegations in Paragraph 1 of the Complaint, Defendant states that Paragraph 1 contained legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

## JURISDICTION AND VENUE

2. With respect to the allegations in Paragraph 2 of the Complaint, Defendant states that matters of jurisdiction and venue are legal issues for the Court to decide and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2.

3. With respect to the allegations in Paragraph 3 of the Complaint, Defendant states that matters of jurisdiction and venue are legal issues for the Court to decide and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4. With respect to the allegations in Paragraph 4 of the Complaint. Defendant states that matters of jurisdiction and venue are legal issues for the Court to decide and, therefore, no response is required. To the extent a response is required Defendant denies the allegations in Paragraph 4.

5. With respect to the allegations in Paragraph 5 of the Complaint, Defendant states that matters of jurisdiction and venue are legal issue for the Court to decide and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

## PARTIES

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies Plaintiffs' allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies Plaintiffs' allegations.

8. Defendant states that he resides in Waretown, New Jersey. Defendant denies the remaining allegations in Paragraph 8 the Complaint as stated.

9. The allegations in Paragraph 9 of the Complaint relate to parties other than Defendant and, therefore, no response is required. To the extent a response is required,

Gordon & Rees LLP
325 W. Main Street, Suite 2300
Louisville, KY 40202

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, therefore, denies Plaintiffs' allegations.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies Plaintiffs' allegations.

## OPERATIVE FACTS

11. In response to Paragraph 11 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 10 above. Except as previously admitted in such responses, Defendant denies the allegations of Paragraph 11 of the Complaint and every paragraph referenced therein.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies Plaintiffs' allegations.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, denies Plaintiffs' allegations.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies Plaintiffs' allegations.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 as phrased by Plaintiffs in their Complaint.

Gordon & Rees LLP
325 W. Main Street, Suite 2300
Louisville, KY 40202

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant admits the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, therefore, denies Plaintiffs' allegations.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

## COUNT 1

### (Civil Extortion)

33. In response to Paragraph 33 of the Complaint, Defendant incorporates by reference his responses to Paragraphs 1 through 32 above. Except as previously admitted in such responses, Defendant denies the allegations of Paragraph 33 of the Complaint and every paragraph referenced therein.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

## COUNT 2

### (Defamation)

41. In response to Paragraph 41 of the Complaint, Defendant incorporates by

Gordon & Rees LLP
325 W. Main Street, Suite 2300
Louisville, KY 40202

reference his responses to Paragraphs 1 through 40 above.  Except as previously admitted in such responses, Defendant denies the allegations of Paragraph 41 of the Complaint and every paragraph referenced therein.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant denies the allegations in Paragraph 48 of the Complaint.

49. With respect to the allegations in Paragraph 49 of the Complaint, Defendant states that the allegations are rhetoric and argument and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, therefore, denies Plaintiffs' allegations.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

## **AFFIRMATIVE DEFENSES**

66. Defendant further alleges the following separate and affirmative defenses to each and every cause of action alleged in the Complaint. By alleging the defenses set forth below, Defendant does not thereby agree or admit that he has the burden of proof, persuasion, or production with respect to any elements of any defense, or that Plaintiffs have properly asserted any cause of action against Defendant.

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Cause of Action)**

The Complaint and each purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action against Defendant.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Statute of Limitations)**

The Complaint and each purported cause of action alleged therein fails as each is barred by the expiration of the applicable statutes of limitations.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Unclean Hands)**

The Complaint and each purported cause of action alleged therein is barred by the doctrine of unclean hands.

## **FOURTH AFFIRMATIVE DEFENSE**

### **(Estoppel)**

The Complaint and each purported cause of action alleged therein is barred by reason of Plaintiff's own actions such that Plaintiffs are estopped from proceeding with their claims.

## **FIFTH AFFIRMATIVE DEFENSE**

### **(Conduct Reasonable, Necessary and In Good Faith)**

The Complaint and each purported cause of action alleged therein is barred    as

*Gordon & Rees LLP*
*325 W. Main Street, Suite 2300*
*Louisville, KY 40202*

Defendant's conduct was at all times reasonable, in complete good faith, based upon good cause, and undertaken pursuant to the terms of laws and regulations.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint and each purported cause of action alleged therein is barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

Plaintiffs are barred from recovery on their Complaint, and each purported cause of action set forth therein, as any injuries or damages alleged by Plaintiffs, if any, were the result of new, independent, intervening, or superseding causes unrelated to any conduct of Defendant or Defendant's officers, agents or employees. Any action on the part of Defendant was not the proximate cause of any alleged injuries or damages Plaintiffs claim they sustained.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiffs are not entitled to relief because Plaintiffs failed to mitigate and/or failed to attempt to mitigate their damages, if any, such that any recovery by Plaintiffs must be reduced or barred.

### NINTH AFFIRMATIVE DEFENSE

### (Plaintiffs Not Entitled to Attorneys' Fees)

Plaintiffs' Complaint, and each purported cause of action set forth therein fails to state facts upon which attorneys' fees can be awarded to Plaintiffs' attorney.

### TENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiffs' Complaint, and each purported cause of action set forth therein fails to state a cause or causes of action for which punitive damages can be awarded against Defendant.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Truth)

Plaintiffs' purported defamation cause of action in the Complaint fails because the alleged defamatory statements were true and/or substantially true.

## TWELFTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiffs' purported defamation cause of action in the Complaint is barred due to consent.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Opinion)

Plaintiffs' purported defamation cause of action in the Complaint fails because the alleged defamatory statements were statements of opinion.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Privilege)

Plaintiffs' purported defamation cause of action in the Complaint fails because the alleged defamatory statements were privileged, including but not limited to under the common interest privilege.

## FIFTHTEENTH AFFIRMATIVE DEFENSE

### (Lack of Malice)

Plaintiffs' purported defamation cause of action in the Complaint fails because the alleged defamatory statements were made without malice.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Constitutionality)

Defendant alleges that any and all claims for punitive damages set forth in the Complaint violate the Eighth and Fourteenth Amendments of the United States Constitution. Furthermore, the assessment of punitive damages violates the United States and California Constitutional requirements of due process of law.

/ / /

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Third Party Liability)**

Defendant alleges that any alleged emotional, mental and/or physical injury suffered by Plaintiffs were proximately caused in whole or in part by the acts and/or omissions of persons and entities other than Defendant, including the acts and omissions of Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(No Damage)**

Defendant alleges that Plaintiffs are not entitled to relief on any of his claims because Plaintiffs have not suffered any damage as a result of any actions taken by Defendant or his agents.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Independent, Intervening, or Superseding Causes)**

Defendant alleges that any injuries or damages alleged by Plaintiffs, if any, were the result of new, independent, intervening or superseding causes that are unrelated to any conduct or omission of Defendant. Any action or inaction on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiffs' claims to have suffered.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

Defendant alleges that Plaintiffs' losses, if any, are speculative, remote and/or uncertain, and are therefore not compensable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Comparative Fault)**

The right of Plaintiffs to any recovery herein, if any right exists, is reduced and limited to the percentage of fault attributable to Defendant pursuant to section 1431.2 of the California Civil Code and/or other applicable law.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Contributory Negligence)**

Defendant alleges that if Plaintiffs sustained damages as alleged, such damages, if any,

were caused and contributed to by the negligence or other wrongful conduct of Plaintiffs and such negligence or other wrongful conduct constitutes a bar to any recovery or, in the alternative, any recovery obtained by Plaintiffs should be reduced to the extent such negligence or other wrongful conduct was a cause of claimed damages.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Doctrine of Laches)**

Defendant alleges that Plaintiffs' claims are barred by the doctrine of laches.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Public Figure)**

Defendant alleges that Plaintiffs are public figures within the meaning of *New York Times Co. v. Sullivan*, 376 U.S. 254, 283 (1964), and the requirement of proving false statements were made with actual malice.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Anti-SLAPP)**

Defendant alleges any statements made were made in a public forum about a matter of public interest, and therefore are subject to being stricken by California's anti-SLAPP law. (Cal. Code Civ. Proc., § 425.16, subd.(e)(3).)

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Libel Proof)**

Defendant alleges that accounts of Plaintiffs' reputation are so widespread that he has been rendered "libel proof" as a matter of law. *Wynberg v. National Enquirer, Inc.*, 564 F.Supp. 924, 928 (C.D. Cal. 1982).

### RESERVATION OF RIGHTS

Defendant is entitled to certain additional privileges, immunities, and affirmative defenses as the same are set forth in certain cases, laws, and statutes of the State of California. The full extent of such privileges, immunities and affirmative defenses are presently unknown to this answering Defendant, Defendant reserves the right to amend this Answer to assert such defenses as and when they become apparent.

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs' Complaint, and the whole thereof, be dismissed with prejudice;

2. That Plaintiffs take nothing by reason of the Complaint;

3. That judgment be rendered in favor of Defendant and against Plaintiffs;

4. That Defendant be awarded his attorneys' fees and costs of suit incurred in defense of this action;

5. For such other relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Defendant demands a trial by jury.

Dated:  December 15, 2023          GORDON REES SCULLY MANSUKHANI, LLP

By: _____
R. Scott Norman
Attorney for Defendant
JUSTIN A. WUNDERLER

**Gordon & Rees LLP**
325 W. Main Street, Suite 2300
Louisville, KY 40202