**BREWSTER & DEANGELIS, PLLC**
Clark O. Brewster
Joseph C. De Angelis
2617 East 21st Street
Tulsa, Oklahoma
(918) 742-2021 Office;
(918) 742-2197 Fax
cbrewster@brewsterlaw.com
jcdeangelis@brewsterlaw.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BAFFERT, et al,<br><br>Plaintiffs,<br><br>v.<br><br>JUSTIN WUNDERLER and DANIEL DICORCIA,<br><br>Defendants. | Case No.: 23-cv-1774-RSH-BLM<br><br>**JOINT DISCOVERY PLAN** |

Pursuant to this Court's Notice and Order for Early Neutral Evaluation Conference and Case Management Conference, dated November 29, 2023, the parties in the above-captioned matter hereby submit their Joint Discovery Plan.

**A. Brief Statement of the Case**: This is a case involving an alleged conspiracy to extort and defame Bob Baffert, a high-profile thoroughbred race horse trainer. Baffert's defamation claims are defamation per se claims involving allegations of EPO use, blood doping, and other specific criminal acts of animal cruelty. Defendants deny the allegations and assert that all statements made were true, opinion or otherwise inactionable. Defendants also contend that Baffert is the rare, libel-proof plaintiff given his notorious history in the horse racing industry.

**B. Service**: All parties of record have been served.

**C. Amendment of Pleadings**:

**Plaintiffs' Position:** The Complaint identifies Baffert's business through its trade name, "Bob Baffert Racing Stables." The registered name of the entity is Bob Baffert Racing, Inc. Mr. Dicorcia has raised an issue as to the proper identification of the plaintiff. Otherwise, Plaintiffs do not anticipate adding any additional parties or claims at this time. Any motion to amend pleadings or join parties shall be completed 60 days before the discovery cutoff. Defendant DiCorcia has filed a motion to strike pursuant to California's anti-SLAPP statute. Plaintiffs oppose the motion. Because several of Mr. DiCorcia's arguments relate to the sufficiency of the pleading, Plaintiffs will request leave to amend according to a schedule determined by the Court if the Court grants Mr. Dicorcia's motion.

**Defendant Dicorcia's Position**: DiCorcia seeks a complete dismissal of the case. The primary dismissal argument relates not to the pleadings but as to whether Plaintiff is libel-proof. In the event that dismissal is not obtained, DiCorcia will seek leave to amend his answer that he filed while in pro per. Now that DiCorcia has counsel, DiCorcia has identified affirmative defenses he wishes to plead. In addition to amending his answer, DiCorcia anticipates

that one Plaintiff, Baffert's corporate namesake, may seek leave to amend the pleadings to correct the name which may be misstated in the complaint.

**Defendant Wunderler's Position**: Wunderler will likewise seek the complete dismissal through filing a dispositive motion should Plaintiffs decline to voluntarily dismiss Wunderler.

D. **Discovery Plan:**

    a. **Subject on Which Discovery May Be Needed**:

    **Plaintiffs' Position**: Discovery will be needed on all claims and defenses set forth in the pleadings. At a minimum, Plaintiffs will need discovery on the following topics:

       i. Communications and agreements between the Defendants;

       ii. Defendants' motives;

       iii. Defendants' familiarity with the horseracing industry, medication regulations, Mr. Baffert, and other topics referenced in the Complaint;

       iv. Information consulted or sought prior to making the alleged defamatory statements;

       v. The existence and content of the alleged videos; and

       vi. The scope of publication or republication of the alleged videos, if any.

    **Defendant Dicorcia's Position**: In addition to reserving the right to engage in discovery as to the matters set forth above, DiCorcia will need discovery as to:

       i. The existence and extent of both Plaintiffs' claimed damages, including the financial performance of both Plaintiffs before and after the alleged defamation; and

      ii.      Baffert's prior litigation and claims or other sources of emotional distress;

**Defendant Wunderler's Position**:  In addition to reserving the right to engage in discovery as to the matters set forth above, Wunderler will need discovery as to the following:

      i.      Plaintiffs' notoriety in the horse racing industry and Plaintiffs' character, experience, and moral fitness to race and train thoroughbred racehorses;

      ii.      Any past or current allegations, investigations (official or unofficial), or complaints of cheating and doping against Plaintiffs;

      iii.      Any alleged or actual violations of medication rules against Plaintiffs involving the 2021 Kentucky Derby or any other thoroughbred horse race Plaintiffs have participated in or been barred from participating in;

      iv.      Any actions taken by any racing association, including, but not limited to, Churchill Downs, Inc., and the New York Racing Association, Inc., wherein action was taken to ban Plaintiffs from major racetracks;

      v.      Plaintiffs' thoroughbred race horses that have been scratched from any horse race in the past for suspected or confirmed doping or other medication or drug violations; and

      vi.      Disqualifications of Plaintiffs' race horses in any jurisdiction based on suspected or confirmed drug violations or any suspensions taken against Plaintiffs' licenses in any jurisdiction for animal abuse.

    **b. Electronically Stored Information**:

    **Plaintiffs' Position**: This case involves statements made on social media, and Plaintiffs anticipate discovery regarding text communications. All text messages, social media posts, emails, or other electronic communications between Defendants (to the extent they relate to the subject matter of this case) or regarding Mr. Baffert for the last three years should be preserved. In addition, Defendants shall preserve the alleged videos, including any clips. All text messages, social media posts, emails, or other communications regarding the alleged videos shall be preserved.

    **Defendant Dicorcia's Position**: DiCorcia agrees that ESI discovery is appropriate. However, given that there is a one-year statute of limitations for defamation, the appropriate time period is only one year preceding the filing of the complaint in this matter, not three years. Moreover, depending on the scope of Plaintiffs' discovery requests as to ESI, DiCorcia reserves the right to seek to shift the cost of ESI discovery to Baffert pursuant to Federal Rule of Civil Procedure 26(c) and *Rowe Entertainment, Inc. v. William Morris Agency, Inc.* (S.D.N.Y. 2002) 205 F.R.D. 421, 428. DiCorcia notes that Baffert is reportedly worth 30 million dollars and has more resources than DiCorcia has to litigate the ESI issues.

    **Defendant Wunderler's Position**: Wunderler adopts Dicorcia's position, and, in addition, states that Plaintiffs should be required to preserve all ESI bearing on Defendants' defenses and allegations of cheating that have plagued Baffert throughout his career. Wunderler's agreement to preserve any existing, responsive, information (to the extent they relate to the subject matter of this case) should not be taken as an admission by him that the requested electronically stored information is either relevant, limited in scope, or proportional to the needs of this case. Defendant reserves the right to object

to Plaintiffs' requests for electronically stored information in the normal course of discovery.

c. **Anticipated Discovery Issues**:

**Plaintiffs' Position**: One or more defendants in this matter have posted on social media regarding their intent to seek discovery on matters beyond the scope of the Complaint. This case is about Defendants' allegations of blood doping, the use of EPO, and their conspiracy to extort Mr. Baffert. Inquiries outside of these topics will be irrelevant except to the extent necessary to resolve issues regarding Mr. Baffert's reputation.

**Defendant DiCorcia's Position**: DiCorcia has nothing to add and no response to the amorphous comment above.

**Defendant Wunderler's Position**: Wunderler agrees to adhere to the scope and limits of discovery as set forth in the Federal Rules of Civil Procedure. Wunderler will adhere to any Court order regarding discovery.

d. **Evidence Preservation:**

**Plaintiffs' Position**: Plaintiffs have no other concerns regarding evidence preservation beyond those stated with regard to electronically stored information.

**Defendant DiCorcia's Position**: DiCorcia has asked attorney Clark Brewster to identify and preserve social media posts Brewster made about the subject matter of this case. Mr. Brewster has reportedly deleted his social media account and has not responded to DiCorcia's counsel's inquiries about the deleted posts. DiCorcia is hopeful this area of discovery will not require a motion.

**Defendant Wunderler's Position**: Wunderler has no other concerns regarding evidence preservation beyond those stated with regard to electronically stored information.

E. **Discovery Deadlines and Scheduling**: The parties propose the following schedule for this matter:

    a. **Initial Disclosures**:

    **Plaintiffs' Position**: The parties will exchange initial disclosures as ordered by January 3, 2024.

    **Defendant DiCorcia's Position**: DiCorcia has nothing to add.

    **Defendant Wunderler's Position**: Wunderler has nothing to add.

    b. **Commencing Discovery and Discovery Cutoff**

    **Plaintiffs' Position**: The parties shall commence discovery on February 1, 2024. Plaintiffs request at least 6 months to conduct discovery. The discovery cutoff should be 60 days before the date set for trial.

    **Defendant DiCorcia's Position**: DiCorcia has nothing to add.

    **Defendant Wunderler's Position**: Wunderler has nothing to add.

    c. **Dispositive Motions**

    **Plaintiffs' Position**: Dispositive motions, including *Daubert* motions, should be filed no later than the discovery cutoff date.

    **Defendant DiCorcia's Position**: DiCorcia has nothing to add.

    **Defendant Wunderler's Position**: Wunderler has nothing to add.

    d. **Expert Witness Reports**

    **Plaintiffs' Position**: The parties shall exchange expert reports 120 days before the date set for trial (60 days before the discovery cutoff date).

**Defendant DiCorcia's Position**: DiCorcia has nothing to add.

**Defendant Wunderler's Position**: Wunderler has nothing to add.

e. **Supplemental Discovery Responses**

**Plaintiffs' Position**: The parties will supplement their discovery responses no later than thirty days before the discovery cutoff.

**Defendant Dicorcia's Position**: DiCorcia has nothing to add.

**Defendant Wunderler's Position**:  Wunderler has nothing to add.

f. **Pretrial Filings**

**Plaintiffs' Position**: Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists, will be filed as set forth in the pretrial order. Objections under Rule 26(a)(3) will be filed 15 days before trial.

**Defendant Dicorcia's Position**: DiCorcia has nothing to add.

**Defendant Wunderler's Position**:  Wunderler has nothing to add.

g. **Trial and Pretrial Conference**

**Plaintiffs' Position**: This matter should be ready for trial approximately in November of 2024. Plaintiffs estimate that between five and eight days will be needed for trial. Plaintiffs propose a pretrial status conference 30 days before the discovery cutoff (90 days before the scheduled date of trial) to resolve issues regarding requests for extensions of the discovery cutoff and any remaining scheduling matters.

**Defendant Dicorcia's Position**: DiCorcia has nothing to add.

**Defendant Wunderler's Position**:  Wunderler has nothing to add.

F. **Proposed Limitations/Alterations on Scope of Discovery**:

    a. **Requests for Admission**

    **Plaintiffs' Position**: As to requests for admissions, Plaintiffs propose no limitations or modifications to the discovery rules.

    **Defendant DiCorcia's Position**: DiCorcia has nothing to add.

    **Defendant Wunderler's Position**: Wunderler has nothing to add.

    b. **Requests for Production**

    **Plaintiffs' Position**: As to requests for production, Plaintiffs propose no limitations or modifications to the discovery rules.

    **Defendant DiCorcia's Position**: Depending on the scope of Plaintiffs' demands as to ESI, DiCorcia reserves his right to seek shifting of the costs of ESI discovery to Baffert.

    **Defendant Wunderler's Position**: Wunderler adopts DiCorcia's position above.

    c. **Interrogatories**

    **Plaintiffs' Position**: As to interrogatories, Plaintiffs propose no limitations or modifications to the discovery rules.

    **Defendant DiCorcia's Position**: DiCorcia has nothing to add.

    **Defendant Wunderler's Position**: Wunderler has nothing to add.

    d. **Depositions**

    **Plaintiffs' Position**: Plaintiffs do not anticipate the need for more than ten depositions per party in this matter. Should Plaintiffs or any individual defendant require more than ten depositions, they shall seek leave of Court.

    **Defendant DiCorcia's Position**: DiCorcia has nothing to add.

    **Defendant Wunderler's Position**: Wunderler has nothing to add.

  e. **Experts**

   **Plaintiffs' Position**: Plaintiffs do not anticipate the need for more than five experts per party in this matter. Should Plaintiffs or any individual defendant require more than five experts, they shall seek leave of Court.

   **Defendant DiCorcia's Position**: DiCorcia has nothing to add.

   **Defendant Wunderler's Position**: Wunderler has nothing to add.

**G. Privilege and Protective Order**: The parties do not anticipate any issue regarding privilege and will not be requesting a protective order at this time. The parties agree that the production of any document or ESI that contains attorney-client privileged material and/or material subject to the work product doctrine should not constitute a waiver of the attorney-client privilege or the protections of the work product doctrine if the production was made due to oversight or error of counsel or the parties. The parties will meet and confer regarding other issues related to privilege, including the production of privilege logs.

**H. Discovery Taken to Date**: None

**I. Related Cases**: None

**J. Professional Conduct**: All attorneys of record have reviewed Civil Local Rule 2.1 on Professionalism.

DATE: January 2, 2024

| | |
|---|---|
| /s/ Joseph C. DeAngelis<br>**BREWSTER & DEANGELIS, PLLC**<br>Clark O. Brewster*<br>Joseph C. De Angelis*<br>2617 East 21st Street<br>Tulsa, Oklahoma<br>(918) 742-2021 Office;<br>(918) 742-2197 Fax<br>cbrewster@brewsterlaw.com<br>jcdeangelis@brewsterlaw.com<br>*Admitted Pro Hac Vice<br><br>and<br><br>**LAW OFFICES OF SHEPPARD S. KOPP**<br>Shepard S. Kopp, Esq.<br>California SBN: 174612<br>233 Wilshire Blvd. Suite 900<br>Santa Monica, California 90401<br>Telephone (310) 914 -4444<br>Facsimile (310) 914 -4445<br>shep@shepardkopplaw.com<br>*Attorneys for Plaintiffs* | /s/Jeffrey Lewis<br>**JEFF LEWIS LAW, APC**<br>Jeffrey Lewis (Bar No. 183934)<br>827 Deep Valley Drive, Suite 209<br>Rolling Hills Estates, CA 90274<br>Tel. (310) 935-4001<br>Fax. (310) 872-5389<br>E-Mail: Jeff@JeffLewisLaw.com<br>*Attorneys for Defendant Daniel DiCorcia*<br><br>/s/ Scott Norman<br>**GORDON REES SCULLY MANSUKHANI LLP**<br>Robert Scott Norman. (Bar No. 253185)<br>325 W. Main Street, Suite 2300<br>Louisville, KY 40202<br>Telephone: (502) 371-1256<br>Facsimile: (502) 804-4630<br>snorman@grsm.com<br>*Attorney for Defendant Justin A. Wunderler* |