UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BAFFERT, et al.,<br><br>                  Plaintiffs,<br><br>v.<br><br>JUSTIN A. WUNDERLER and DANIEL DICORCIA,<br><br>                  Defendants. | Case No.: 23-cv-1774-RSH-BLM<br><br>**ORDER DENYING DEFENDANT DICORCIA'S MOTION FOR ATTORNEY'S FEES**<br><br>[ECF No. 55] |

Before the Court is a motion for attorney's fees filed by defendant Daniel DiCorcia ("DiCorcia"). ECF No. 55. Pursuant to Local Civil Rule 7.1(d)(1) the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court denies the motion.

**I.  BACKGROUND**

This lawsuit arises from statements defendants DiCorcia and Justin Wunderler ("Wunderler") made on social media, primarily on the platforms X (formerly Twitter) and Spaces.

Of relevance to the instant motion, on September 27, 2023, Plaintiffs Bob Baffert and Bob Baffert Racing Stables, Inc. ("BBRI") filed the initial Complaint in this action.

ECF No. 1. The Complaint brought two claims, for civil extortion and for defamation. *Id.* ¶¶ 33–65. On December 14, 2023, DiCorcia filed a motion to strike the Complaint under California's anti-SLAPP ("Strategic Lawsuit Against Public Participation") statute, or in the alternative, to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. The Court granted the motion to dismiss for failure to state a claim with leave to amend and denied as moot the anti-SLAPP motion to strike. ECF No. 35 at 10–11.[1]

On June 25, 2024, Plaintiffs filed a First Amended Complaint ("FAC"). ECF No. 36. The FAC reasserted Claim 1 for extortion, noting that the claim had previously been dismissed by the Court, and re-pleaded defamation under Claims 2 and 3. *Id.* ¶¶ 115–282.[2] DiCorcia subsequently filed a second anti-SLAPP motion to strike the FAC or in the alternative to dismiss. ECF No. 37. The Court granted in part and denied in part DiCorcia's second motion. ECF No. 47. Specifically, the Court: (1) dismissed plaintiff BBRI from this case; (2) dismissed Claim 2; (3) partially granted and partially denied DiCorcia's motion to dismiss Claim 3; and (4) denied as moot DiCorcia's anti-SLAPP motion. *Id.* at 19.

On September 25, 2024, DiCorcia filed a motion seeking attorneys' fees as the "prevailing party" of his anti-SLAPP motion. ECF No. 55. Plaintiff filed a response and DiCorcia filed a reply. ECF Nos. 58, 61.[3]

## II.    LEGAL STANDARD

"Under the American Rule, 'the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Cas. & Sur. Co. of Am. v. PG&E*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness*

---

[1] All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.

[2] The FAC states this claim was reasserted "solely to preserve" Plaintiff's position for appeal. ECF No. 37 at 27.

[3] DiCorcia also filed a "Notice of Errata" in connection with its Reply withdrawing its allegations that Plaintiff's response to the Motion was untimely filed. ECF No. 62 at 2.

*Soc'y*, 421 U.S. 240, 247 (1975)). California generally follows the American rule for attorneys' fees, but provides for the recovery of attorneys' fees when authorized by contract or statute. *See* Cal. Civ. Proc. Code § 1021 ("Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."); Cal. Civ. Proc. Code § 1033.5(a)(10); *see Citcon United States v. Riverpay Inc.*, No. 20-16929, 2022 U.S. App. LEXIS 2717, at *5 (9th Cir. Jan. 31, 2022) ("We apply California law, which provides for the recovery of attorney's fees when authorized by contract or statute.").

The anti-SLAPP statute is one such statute. California's anti-SLAPP statute, California Code of Civil Procedure § 425.16, "was enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Int'l v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001). The statute "authorizes a 'special motion to strike' any 'cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . in connection with a public issue.'" *Safari Club Int'l v. Rudolph*, 862 F.3d 1113, 1119 (9th Cir. 2017) (quoting Cal. Civ. Proc. Code § 425.16(b)(1)). Under California's anti-SLAPP statute, "any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001); Cal. Civ. Proc. Code § 425.16(c)(1) ("[A] prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs."). "[T]he Court retains the authority to make a determination as to fees under § 425.16(c) even when the anti-SLAPP motion is itself moot." *Primacy Eng'g, Inc. v. Ite, Inc.*, No. 3:18-cv-01781-GPC-MDD, 2019 U.S. Dist. LEXIS 246537, at *6 (S.D. Cal. Jan. 4, 2019).

///

///

## III. ANALYSIS

DiCorcia asserts that he is a "prevailing party" under the anti-SLAPP statute, even though the Court denied as moot his anti-SLAPP motions to strike, and only partially granted his most recent motion to dismiss. He contends that he is entitled to attorney's fees on a motion to strike, "should this Court determine that the anti-SLAPP motion would have been granted had it actually been heard." ECF No. 55 at 11. Plaintiff responds that DiCorcia is not the "prevailing party" on his motions to strike, because he requested dismissal of the FAC in its entirety and did not achieve that result. ECF No. 58 at 9–11.

"The determination of whether a party prevailed on an anti-SLAPP motion lies within the broad discretion of a trial court." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006). Generally, a court's determination of the underlying anti-SLAPP motion on its merits "is an essential predicate to ruling on the defendant's request for an award of fees and costs." *Liu v. Moore*, 69 Cal. App. 4th 745, 752 (Ct. App. 1999). "Resolution of an anti-SLAPP motion requires the court to engage in a two-step process." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 733 (2003) (internal quotation marks omitted). "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Id.* "If the court determines that relief is sought based on allegations arising from activity protected by the statute, the second step is reached." *Baral v. Schnitt*, 1 Cal. 5th 376, 396 (2016). At the second step, if "an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018).

Here, there is no dispute that DiCorcia's second anti-SLAPP motion to strike, if heard on the merits, would not have been granted *in its entirety*. The Court's reasoning in denying portions of his Rule 12(b)(6) motion to dismiss, ECF No. 47 at 14–15, would also have resulted in denial of the corresponding portions of the motion to strike.

DiCorcia's motion to strike asserted, "[a]s it relates to whether Baffert has stated a legally sufficient claim, the standard for anti-SLAPP motions and 12(b)(6) motions to dismiss are identical." ECF No. 37 at 20.

The question remains whether the Court would have granted *portions* of DiCorcia's anti-SLAPP motion on the merits. The Court would not have done so.

DiCorcia's motion clearly sought to strike the FAC in its entirety. *See* ECF Nos. 37 at 10 ("By this motion, DiCorcia invokes California's anti-SLAPP law (Cal. Code Civ. Proc., § 425.16) to strike *the complaint*.") (emphasis added); 18 ("The Court should grant the special motion to strike because *this lawsuit* arises from protected activities") (emphasis added); 33 ("DiCorcia respectfully requests that the Court grant the motion and strike the *first amended complaint*.") (emphasis added); *see also* 39 at 5, 13. Nowhere in DiCorcia's anti-SLAPP motion did he seek to strike individual claims or portions of claims. Having concluded that DiCorcia was not entitled to have the entire FAC stricken, the Court would not have been required to identify and analyze—where DiCorcia had failed to do so—those individual allegations that may have been susceptible to a more focused motion to strike. *See Park v. Nazari*, 93 Cal. App. 5th 1099, 1106 (Ct. App. 2023) ("Because the [defendants] moved to strike only the entire complaint, and did not identify in their motion individual claims or allegations that should be stricken even if the entire complaint were not, the trial court was permitted to deny the anti-SLAPP motion once it concluded—correctly—that the complaint presented at least one claim that did not arise from anti-SLAPP protected conduct.").

The California Court of Appeal's decision in *Park* is instructive. In that case, the plaintiffs filed an action against the defendants for fraudulent transfer, quiet title, and declaratory relief. *Id.* at 1102. The defendants filed a special motion to strike the entire complaint pursuant to California's anti-SLAPP statute, contending that "all of [p]laintiffs' claims arise from protected activity[.]" *Id.* at 1105. At the hearing on the anti-SLAPP motion, defendants' counsel suggested that the trial court "could strike some of plaintiffs' claims even if it did not strike the complaint in its entirety." *Id.* The trial court

declined, noting in its written order that defendants had maintained in their papers that plaintiffs' "entire complaint arose from protected activity" and requested that the trial court "strike the complaint in its entirety." *Id.* The court rejected defendants' belated request to strike a more limited set of allegations, explaining that while a court "may grant a motion to strike individual allegations of protected activity within a complaint or cause of action," no authority required it to do so "where the movant has taken the position that the entire complaint arises from protected activity and requests that the entire complaint be stricken." *Id.* at 1106.

The Court of Appeal affirmed, holding that the trial court "permissibly chose to deny the anti-SLAPP motion because the entire complaint" did not arise from protected activity. *Id.* at 1107. As the Court of Appeal explained:

> [W]hile courts may strike less than the entirety of a complaint or pleaded cause of action, the trial court is not required to take on the burden of identifying the allegations susceptible to a special motion to strike. If a defendant wants the trial court to take a surgical approach, whether in the alternative or not, the defendant must propose where to make the incisions. This is done by identifying, in the initial motion, each numbered paragraph or sentence in the complaint that comprises a challenged claim and explaining the claim's elements, the actions alleged to establish those elements, and wh[y] those actions are protected.

*Id.* at 1109.

As in *Park*, it was DiCorcia's burden "to identify the activity each challenged claim rests on and demonstrate that that activity is protected by the anti-SLAPP statute." *Wilson v. Cable News Network, Inc.*, 7 Cal. 5th 871, 884 (2019). To do so, DiCorcia was required to "identify what acts each challenged claim rests on and to show how those acts are protected under a statutorily defined category of protected activity." *Bonni v. St. Joseph Health Sys.*, 11 Cal. 5th 995, 1009 (2021). His motion to strike simply did not endeavor to meet this burden. The Court would not have undertaken the analysis that DiCorcia failed to do.

///

DiCorcia argues that *Park* is distinguishable because, unlike in *Park*, DiCorcia did succeed in dismissing from the action one of the two Plaintiffs, BBRI. The Court dismissed BBRI's defamation claims on the grounds that the FAC failed to identify any defamatory statements referring to BBRI. ECF No. 47 at 17–18. BBRI is thus no longer a plaintiff in the action. But DiCorcia failed to show that BBRI's claims, which were based on the same allegations as the claims of BBRI's co-plaintiff Baffert, were based in their entirety on protected activity.[4]

Finally, although the Court had earlier—in response to DiCorcia's first round of motions—dismissed the extortion claim brought by both BBRI and Baffert, and denied as moot DiCorcia's motion to strike that claim, ECF No. 35 at 67, the Court would have also denied that motion to strike on the merits.

"Unlawful or criminal activities do not qualify as protected speech or petition activities under the anti-SLAPP statute." *Dwight R. v. Christy B.*, 212 Cal. App. 4th 697, 711 (Ct. App. 2013). In particular, "[e]xtortion is not a constitutionally protected form of speech." *Flatley v. Mauro*, 39 Cal. 4th 299, 328 (2006). Under California law, "[e]xtortion is the obtaining of property or other consideration from another, with his or her consent . . . induced by a wrongful use of force or fear[.]" Cal. Penal Code § 518. Among others, fear may be induced by a threat to "expose, or to impute to him, . . . a deformity, disgrace, or crime." Cal. Penal Code § 519. A person who sends such a threat

---

[4] DiCorcia also does not explain what "practical benefit" he achieved from dismissing BBRI. *See Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (Ct. App. 2006) ("[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion."). The factual allegations and claims DiCorcia must defend against have not changed as a consequence of BBRI's dismissal. *See Moran v. Endres*, 135 Cal. App. 4th 952, 954–55 (Ct. App. 2006) (declining to award attorney fees where dismissal of conspiracy claim resulted in the case being "the same after the ruling on the special motion to strike as it was before").

with extortionate intent "is punishable in the same manner as if such money or property were actually obtained by means of such threat." Cal. Penal Code § 523. As alleged in the original Complaint, Defendants' escalating threats, coupled with a demand for money, fell within the definition of extortion contained in the California Penal Code. ECF No. 1 ¶¶ 27–40.

In ruling on DiCorcia's first set of motions, the Court concluded that Plaintiffs failed to state a *civil* cause of action for extortion under *Fuhrman v. California Satellite Systems*, 179 Cal. App. 3d 408 (Ct. App. 1986), because they failed to allege legally cognizable damages as required under California law for a civil extortion claim. ECF 35 at 6–7. But the underlying conduct—previously recounted by the Court and established through social media posts and text messages whose authenticity DiCorcia never disputed—nonetheless falls within the scope of the *criminal* prohibition. In his first anti-SLAPP motion, DiCorcia contended that he was merely joking, ECF No. 16 at 17, but such a contention does not negate the extortionate words or context. *Cf. Flatley*, 39 Cal. 4th at 330 ("That the threats were half-couched in legalese does not disguise their essential character as extortion.").

The Court would not, therefore, have granted DiCorcia's first motion to strike in its entirety. The Court would also not have granted *portions* of DiCorcia's first motion on the merits. Defendant's first motion to strike, like his second, sought dismissal of the entire Complaint, without identifying why he would be entitled, in the alternative, to strike parts of the Complaint.

In short, both of DiCorcia's motions to strike were denied as moot. If the Court had addressed the merits, the motions would have been denied on the merits. DiCorcia is not a "prevailing party" under the anti-SLAPP statute and is not entitled to recover his fees.

///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, DiCorcia's motion for attorney's fees is **DENIED.**

**IT IS SO ORDERED.**

Dated:  November 15, 2024

_____
Hon. Robert S. Huie
United States District Judge