UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOB BAFFERT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JUSTIN A. WUNDERLER and DANIEL DICORCIA,<br><br>Defendants. | Case No.:  23-cv-1774-RSH-BLM<br><br>**ORDER OF JUDGMENT AND PERMANENT INJUNCTION** |

Before the Court is the Parties' Offer of Judgment under Federal Rule of Civil Procedure 68. ECF No. 102. Plaintiff has accepted an offer of judgment made by Defendant DiCorcia. *Id.* at 1. Pursuant to Federal Rule of Civil Procedure 68, the Court **ORDERS** as follows:

1.    Judgment is **ENTERED** in favor of Plaintiff and against Defendant Daniel DiCorcia **ONLY** pursuant to the terms of the Offer of Judgment.

2.    Defendant DiCorcia is permanently **ENJOINED** from publishing or republishing a false statement that accuses Robert A. Baffert or the Baffert corporate affiliates (collectively "Baffert") of using prohibited substances to illegally enhance the performance of racehorses trained by Baffert.

1

a.    Examples of statements or conduct that that would violate this injunction include:

i.    False statements that Baffert uses or employs "EPO," erythropoietin, blood doping, juicing, "performance-enhancing drug(s)" "PED(s)," or doping;

ii.    False statements speculating that a horse had been given Banned Substances in the absence of a positive test by the Horseracing Integrity and Safety Authority, the Horseracing Integrity and Welfare Unit, a state racing commission, or their successors having jurisdiction over horse racing (collectively, the "Regulators.");

iii.    Statements speculating that Baffert managed horses have "bad bloodwork" or using the term "blood counts" in the absence of a finding by the Regulators of a positive test or other testing irregularity;

iv.    False statement that accuses Baffert of causing a race-related horse injury or death was due to the use of medication, in the absence of a finding by the Regulators; and

v.    False statement that accuses Baffert of causing a pre-race "scratch" due to Baffert's use of prohibited substances; vi. Manufacturing, selling or distributing the "Baffert Juiced" T-shirt design that depicts Baffert's names with syringes that DiCorcia sold in the past; and

vi.    Aiding, conspiring, encouraging, or inducing others to make false statements or engage in harassing conduct that would violate this injunction if such statements were made or conduct was committed by DiCorcia personally.

vii.    After the date of entry of this injunction, Re-publishing (aka "re-

tweeting") a social media post that would have violated the terms of this injunction had the social media post been originally posted prior to the entry of this injunction.

    b.    Examples of statements that would not violate this injunction include:

        i.    DiCorcia republishing statements made by newspapers or media of widespread circulation and repute, such as ESPN, USA Today, the Washington Post and the NY Times; and

        ii.    Discussing or republishing statements that a Baffert trained horse failed a blood test provided that DiCorcia does not also falsely state or suggest that the failed blood test equates to blood doping, doping, juicing, or the use of "Banned Substances" or "Banned Methods," that is, to the use of substances or practices that are prohibited at all times in horse racing.

        iii.    Subject only to paragraph 4 below, allowing older social media posts that pre-date the entry of this injunction to remain on twitter without re-publishing those social media posts after the entry of this injunction.

3.    Defendant DiCorcia is permanently **ENJOINED** from engaging in any behavior as it relates to Bob Baffert or his family that violates California Code of Civil Procedure Section 527.6.

4.    Defendant DiCorcia is **ORDERED** to remove any past social media post that falsely accuses Baffert of using prohibited substances to illegally enhance the performance of racehorses trained by Baffert subject to the following terms:

    a.    Compliance with this term is conditional on the identification of such posts by Baffert or his counsel within 14 days of acceptance of the offer of judgment. Identification shall be by URL of such posts.

    b.    Thereafter, DiCorcia will remove the identified posts within fourteen days of their identification

1     5.     Each Party is to bear its own fees and costs related to this action.

2     **IT IS SO ORDERED.**

3     Dated: May 13, 2025

4

                                    Hon. Robert S. Huie

5                                   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

23-cv-1774-RSH-BLM